UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:16-cv-00650-UA-MRM

MICHAEL BOLES,

    Plaintiff,

vs.

HAVEN FORT MYERS, LLC, a Florida Limited
Liability Company, HAVEN HOSPITALITY
CONCEPTS, LLC, a Delaware Limited Liability
Company, EC SQUARED, LLC, a Florida Limited
Liability Company, CHUCK THAKKAR, Individually,
BRAD COZZA, Individually, NILOY THAKKAR,
Individually, and SOLANI THAKKAR, Individually,

    Defendants.
_____/

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, HAVEN FORT MYERS, LLC, a Florida Limited Liability Company, HAVEN HOSPITALITY CONCEPTS, LLC, a Delaware Limited Liability Company, EC SQUARED, LLC, a Florida Limited Liability Company, CHUCK THAKKAR, Individually, BRAD COZZA, Individually, NILOY THAKKAR, Individually, and SOLANI THAKKAR, Individually (collectively "Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses, as follows:

Defendant denies each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below. Defendant also specifically reserves the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery. Defendant's Answer to each of the specifically enumerated paragraphs of the Plaintiff's Complaint

is as follows:

1. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 1 of the Plaintiff's Complaint and demands strict proof thereof.

2. Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 5 of the Plaintiff's Complaint and demand strict proof thereof.

6. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 6 of the Plaintiff's Complaint and demand strict proof thereof.

7. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9. Defendant admits that Plaintiff purports to bring an action for damages in excess of $15,000.00, but denies that Plaintiff can state a claim, further denies that Plaintiff has suffered any damages, and otherwise denies the allegations, inferences and legal conclusions contained in Paragraph 9 of Plaintiff's Complaint and demands

strict proof thereof.

10. Defendant does not contest jurisdiction but otherwise denies the allegations, inferences and legal conclusions contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. Defendant does not contest venue but otherwise denies the allegations, inferences and legal conclusions contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendant admits that Plaintiff purports to bring an action for damages under the FLSA and Florida law, but denies that Plaintiff can state a claim, further denies that Plaintiff has suffered any damages, and otherwise denies the allegations, inferences and legal conclusions contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendant denies the allegations, inferences and legal conclusions

contained in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 34 of Plaintiff's Complaint and demands strict proof thereof.

35. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

36. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 36 of Plaintiff's Complaint and demands strict proof thereof.

37. Defendant denies the allegations, inferences and legal conclusions

contained in Paragraph 37 of Plaintiff's Complaint and demands strict proof thereof.

38. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39. With regard to Paragraph 39 of Plaintiff's Complaint, Defendant restates, realleges and incorporates herein each and every response to Plaintiff's Complaint contained in Paragraphs 1-38 above.

40. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.

41. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

43. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 43 of Plaintiff's Complaint and demands strict proof thereof.

44. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 44 of Plaintiff's Complaint and demands strict proof thereof.

45. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 45 of Plaintiff's Complaint and demands strict proof thereof.

46. Defendant takes no position with regard to the Plaintiff's right to a jury trial.

Defendant denies that Plaintiff is entitled to any of the damages or relief sought

in the WHEREFORE clause of Count I of the Plaintiff's Complaint, including sub-parts, and certainly is not entitled to recover prejudgment interest.

47. With regard to Paragraph 47 of Plaintiff's Complaint, Defendant restates, realleges and incorporates herein each and every response to Plaintiff's Complaint contained in Paragraphs 1-38 above.

48. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 48 of Plaintiff's Complaint and demands strict proof thereof.

49. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 49 of Plaintiff's Complaint and demands strict proof thereof.

50. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 50 of Plaintiff's Complaint and demands strict proof thereof.

51. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 51 of Plaintiff's Complaint and demands strict proof thereof.

52. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 52 of Plaintiff's Complaint and demands strict proof thereof.

53. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 53 of Plaintiff's Complaint and demands strict proof thereof.

54. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 54 of Plaintiff's Complaint and demands strict proof thereof.

55. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 55 of the Plaintiff's Complaint and demands strict proof thereof.

56. Defendant takes no position with regard to the Plaintiff's right to a jury trial.

Defendant denies that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause of Count II of the Plaintiff's Complaint. Moreover, Plaintiff's request for "reliance" damages should be stricken as a matter of law; Defendants will file a separate motion to strike same should Plaintiff fail to withdraw same voluntarily.

## **AFFIRMATIVE DEFENSES**

57. As and for its First Affirmative Defense, Defendant states that none of its actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

58. As and for its Second Affirmative Defense, Defendant states that the Plaintiff's claim for liquidated damages is barred because Defendant at all times material hereto acted in good faith and had reasonable grounds for believing that its policies and practices were not violations of the FLSA, as amended.

59. As and for its Third Affirmative Defense, Defendant states that all or part of the Plaintiff's claims are barred by the applicable statute of limitations.

60. As and for its Fourth Affirmative Defense, Defendant states that the Plaintiff's claims are barred because Defendants at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, order, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour

Division of the Department of Labor.

61. As and for its Fifth Affirmative Defense, Defendant states that the Plaintiff's claims are barred by the "*de minimus*" doctrine.

62. As and for its Sixth Affirmative Defense, Defendant states that the Plaintiff's claims are barred to the extent any hours worked by the Plaintiff over forty in any particular workweek was without the knowledge, either actual or constructive, of the Defendants.

63. As and for its Seventh Affirmative Defense, Defendant states that the Plaintiff's claims are barred because he has been properly paid, for all hours worked, including overtime hours.

64. As and for its Eighth Affirmative Defense, Defendant states that to the extent the Plaintiff obtains any recovery based on the FLSA claims, Plaintiff's claims for attorneys' fees and costs are barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

65. As and for its Ninth Affirmative Defense, Defendant states that the Plaintiff's claims are barred by the estoppel provisions of the Portal-to-Portal Act, to the extent that Plaintiff purports to bring this action as a representative action.

66. As and for its Tenth Affirmative Defense, and to the extent that Plaintiff attempts to bring this action on behalf of other similarly situated employees, Defendants state that there exist no similarly situated employees and/or no similarly situated employees desire to opt-in to this action.

67. As and for its Eleventh Affirmative Defense, Defendant states that Plaintiff's (and any opt-in plaintiff's) claims are barred by virtue of the managerial and/or administrative exemptions.

68. As and for its Twelfth Affirmative Defense, Defendant states that to the extent Plaintiff is owed any overtime wages, said overtime should be calculated on a half-time basis, inasmuch as Plaintiff was paid on a salary basis which salary was intended to compensate him for all hours worked, whether few or many.

69. As and for its Thirteenth Affirmative Defense, Defendant states that Plaintiff's claims for commissions and/or other wages are barred by the statute of frauds.

70. As and for its Fourteenth Affirmative Defense, Defendant states that Plaintiff has failed to satisfy all conditions precedent to bringing this action.

71. As and for its Fifteenth Affirmative Defense, Defendant states that Plaintiff's claims are barred in whole or in part by his failure to completely, properly and competently perform his job duties and responsibilities.

72. As and for its Sixteenth Affirmative Defense, Defendant states that Plaintiff's claims are barred in whole or in part by estoppel by virtue of Plaintiff's failure to completely, properly and competently perform his job duties and responsibilities.

73. As and for its Seventeenth Affirmative Defense, Defendant states that Plaintiff has waived his right to seek damages by virtue of Plaintiff's failure to completely, properly and competently perform his job duties and responsibilities.

74. As and for its Eighteenth Affirmative Defense, Defendant states that Plaintiff is barred from seeking damages by virtue of a failure of consideration. More particularly, Plaintiff failed to completely, properly and competently perform his job duties and responsibilities, such that Plaintiff's performance of his job, such as it was, had no value to Defendant.

75. As and for its Nineteenth Affirmative Defense, Defendant states that Plaintiff has suffered no damages and/or Plaintiff has been properly paid all of his commissions and bonuses.

76. As and for its Twentieth Affirmative Defense, Defendant states that Plaintiff's claims are barred in whole or in part because the parties never mutually assented to certain and definite terms and conditions of any contract.

77. As and for its Twenty-First Affirmative Defense, Defendant states that Plaintiff has been paid in full for any benefit he may have conferred on Defendant.

**Additional Affirmative Defenses**

Defendant reserves the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant prays that this Honorable Court dismiss with prejudice Plaintiff's claims in full, tax costs against the Plaintiff and in favor of Defendant, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan*, P.A., 775 F.2d 1541 (11th Cir. 1985); and *Turlington v. Atlanta Gas Light Co.*,

135 F.3d 1428 (11th Cir. 1998).

Dated:   September 1, 2016  Respectfully submitted,
         Boca Raton, FL

*/s Daniel R. Levine*
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
Counsel for Defendants
Padula Bennardo Levine, LLP
101 Plaza Real South, Suite 207
Boca Raton, FL  33432
Telephone:   (561) 544-8900
Facsimile:   (561) 544-8999
E-Mail:   DRL@PBL-Law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2016, the foregoing is being sent to the Clerk of the Court, Middle District of Florida. I also certify that the foregoing is being served this day on all counsel of record identified on the Service List below via e-mail.

/s Daniel R. Levine
DANIEL R. LEVINE, ESQ.

**SERVICE LIST**

*Michael Boles v. Haven Fort Myers, LLC, et al.*
CASE NO. 2:16-cv-00650-UA-MRM
United States District Court, Middle District of Florida

| | |
|---|---|
| C. Ryan Morgan, Esquire<br>E-Mail: Rmorgan@forthepeople.com<br>Morgan & Morgan, P.A.<br>20 N. Orange Ave., 14th Floor<br>P.O. Box 4979<br>Orlando, FL 2802-4979<br>Telephone: (407) 420-1414<br>Facsimile: (407) 245-3401<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail: DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>101 Plaza Real South, Suite 207<br>Boca Raton, FL 33432<br>Telephone: (561) 544-8900<br>Facsimile: (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |